Mr. Justice Wylie
delivered the opinion of the court:
Under the circumstances of this case and the language of this deed of trust, we are bound to interpret it as authorizing the maker of the deed to carry on his business, and to sell and use the proceeds of the property as he thought proper, and then at the time that the note fell due that the holder of the note secured should be preferred to everybody else in case of a sale of the property by the trustees.
Now, we have decided on former occasions* that any deed of trust given upon a stock of goods which authorized the party who makes it to use and dispose of the goods at his own discretion is void as against creditors. We are of opinion, therefore, that as against the creditors of Hoff this deed is. invalid.
The next question then in this case is upon the effect as between the holder of the Hill note for $500 and the landlord of the premises, of the words in the assignment “ according to their legal priority,” for this Hill debt is recognized by the assignment, although the deed of trust which secured it is void.
*106 Now, at the date of the, assignment there were three months and more rent due by Hoff to the landlord, and that instrument professes to secure this rent to the amount of $600. If the original deed of trust which secured this $500 note had been valid, that would give it legal priority over the landlord’s claim, but as the deed is void, the question recurs, has it any legal priority by virtue of the general assignment as between it and the claim for rent? The language of that paper does not give it any legal priority or preference of any sort, it is merely provided that it shall be paid “according to its legal priority.” Well, what is that priority? It derives none from the deed of trust, as that is void, and if it derives none from the deed it is nothing more than an ordinary debt having no priority over any other. But the landlord has a legal priority given him by the statute† to the extent of three months’ rent.
We have concluded, therefore, that the landlord in this case is entitled to his three months’ rent according to the priority given him by law, and that, together with the expenses of the assignment, exhausts the fund.

Smith vs. Kenny, ante, p. 12.

R. S. D. C., see. 678.